UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEONG-SUK NO,

                Plaintiff,

         -against-

REPUBLIC OF KOREA,

                Defendant.

20-CV-655 (CM)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se*. The Court grants Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, but dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

In his complaint, Plaintiff Jeong-Suk No makes the following allegations:

Physical injury in 2018, 2019 in both Seoul and NYC, by electronic weapons/devices. Currently have been stalking by diverse groups in physical & virtual ways. So protection needed urgently.

> For life protection, urgent visa extension of medical insurance urgently needed. Privacy protection is required. . . Surveillance (physically & virtually).

(ECF 2, at 5.)

Plaintiff's handwritten complaint is largely illegible, but he appears to assert claims relating to, among other things, "mail control & iphone virus," "Fraud/hypnosis & abuse by U.S. Government & surveillance," "food control & torture program," and a bloody nose. (*Id.* at 8.)

## DISCUSSION

Under the *in forma pauperis* statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's factual allegations rise to the level of the irrational, and there is no legal theory on which he may rely. *See Livingston*, 141 F.3d at 437. Plaintiff's complaint must therefore be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has

inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015).

## LITIGATION HISTORY

Plaintiff has repeatedly filed cases similar to this one, several of which have already been dismissed as frivolous and for failure to state a claim. *See No v. United States*, ECF 1:19-CV-2271, 9 (KPF) (S.D.N.Y. Apr. 5, 2019) (dismissing complaint as frivolous);[1] *No v. Republic of Korea (ROK)*, ECF 1:19-CV-2275, 6 (JPO) (S.D.N.Y. Apr. 1, 2019) (dismissing complaint as frivolous), *appeal dismissed*, 19-1623 (2d Cir. Oct. 30, 2019) ("[T]he appeal is DISMISSED because Appellant presents "no arguably meritorious issue for our consideration." *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995) (recognizing court's inherent authority to dismiss fee-paid frivolous appeal)).

Accordingly, Plaintiff is ordered to show cause by declaration why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within fourteen days of the date of this order, Plaintiff must submit to this Court a written declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's

---

[1] Because Plaintiff continued to file meritless documents in 19-CV-2271 (KPF), after the case was closed and the Court directed him to refrain from doing so, on August 21, 2019, Judge Failla ordered Plaintiff to show cause why the Court should not bar Plaintiff from filing further documents in that action.

declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court without unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff shall have fourteen days to show cause by written declaration why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  February 7, 2020
    New York, New York

COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
| --- | --- |
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |